UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN TAMPICO,<br><br>    Plaintiff,<br><br>    v.<br><br>TIMOTHY PAINTER, et al.,<br><br>    Defendants. | Case No. 20-cv-02713-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE A DEFENDANT, AND ORDERING PLAINTIFF TO SERVE SUBSTITUTED DEFENDANT**<br><br>Docket No. 50 |

The Court screened the instant civil rights action pursuant to 28 U.S.C. § 1915A, and ordered Mr. Tampico to effect service upon Defendant Pedersen. *See* Docket No. 45. Mr. Tampico represents that Defendant Pedersen has been served, *see* Docket No. 49, and Defendant Pedersen has filed an answer to the Second Amended Complaint ("SAC"), *see* Docket No. 53.

On November 3, 2021, defense counsel informed the Court that Defendant Painter, a previously served defendant, had passed away. Docket No. 48. On December 6, 2021, well within the ninety days allowed by Fed. R. Civ. P. 25(a)(1), Mr. Tampico moved to substitute, in place of Defendant Painter, "Justin Painter, Proposed Administrator for the Estate of Timothy Painter, OR Jay Roadarmel, Esq., attorney for said Proposed Administrator, OR the current D.A.'s Investigator for Alameda County, OR any other individual the Court may deem appropriate . . . ." Docket No. 50. Mr. Tampico subsequently filed a copy of a creditor's claim mailed to Jonathan Painter, Docket No. 54, and a copy of a creditor's claim filed against the Estate of Timothy Painter, Docket No. 55. No opposition or objection to Mr. Tampico's substitution motion has been filed. *See generally*, Docket.

Because it appears from the information filed by Mr. Tampico that he has complied both

United States District Court
Northern District of California

with the federal requirements to substitute a party, *see* Fed. R. Civ. P. 25, and the California Probate Code's requirements for claims presentation, *see* Cal. Prob. Code § 9000 et seq., the Court **GRANTS** Mr. Tampico's motion to substitute "Justin Painter, Proposed Administrator for the Estate of Timothy Painter" for the deceased Defendant.

Because Mr. Tampico is not proceeding in forma pauperis, *see* Docket No. 4, he is responsible for serving process on substituted Defendant Justin Painter.

Within ninety (90) days of the filing date of this order, and in accordance with the Federal Rules of Civil Procedure, Mr. Tampico shall serve substituted Defendant Justin Painter with the summons; the SAC; the Court's October 12, 2021 order screening the SAC; and this order. Mr. Tampico also shall provide the Court with proof of such service, or otherwise show cause why the SAC should not be dismissed without prejudice. *See* Fed. R. Civ. P. 4(m) (allowing ninety days for service after complaint is filed, and requiring court to dismiss if plaintiff fails to serve).

The Court will establish a single briefing schedule after substituted Defendant Justin Painter has been served with, or dismissed from, this action.

It is Mr. Tampico's responsibility to prosecute this case. Mr. Tampico must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order disposes of Docket No. 50.

**IT IS SO ORDERED**.

Dated: July 20, 2022

_____
EDWARD M. CHEN
United States District Judge